UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PEGGY LEE SHARP, | |
| Plaintiff, | NO.  CV-12-0382-RHW |
| v. | **ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 17, and Defendant's Motion for Summary Judgment, ECF No. 20. Plaintiff is represented by Rebecca Mary Coufal. Defendant is represented by Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney Daphne Banay.

Plaintiff brings this action seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision, which denied her application for a period of disability and disability insurance benefits ("DIB"). For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, and denies Defendant's Motion for Summary Judgment.

I. **Jurisdiction and Procedural History**

On August 10, 2009, Plaintiff protectively filed an application for Title II disability insurance benefits (DIB), and an application for Title XVI supplemental security income (SSI). Plaintiff alleged disability beginning on January 1, 2007.

Plaintiff's claims were denied initially and on reconsideration. She timely requested a hearing. On August 19, 2010, Plaintiff appeared at a hearing in Spokane, Washington before Administrative Law Judge (ALJ) R. J. Payne. Dr. Daniel Wiseman, an impartial medical expert also appeared at the hearing. Plaintiff was represented by attorney Vijay Venkataraman.

On September 2, 2010, the ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on October 26, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on June 6, 2012. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act (the "Act') defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled only if her impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920; *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

**Step 1:**  Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

1  requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574,

2  416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is

3  engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571,

4  416.920(b). If she is not, the ALJ proceeds to step two.

5       **Step 2:**  Does the claimant have a medically-severe impairment or

6  combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the

7  claimant does not have a severe impairment or combination of impairments, the

8  disability claim is denied. A severe impairment is one that lasted or must be

9  expected to last for at least 12 months and must be proven through objective

10  medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is

11  severe, the evaluation proceeds to the step three.

12       **Step 3:**  Does the claimant's impairment meet or equal one of the listed

13  impairments acknowledged by the Commissioner to be so severe as to preclude

14  substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. §

15  404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the

16  listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the

17  impairment is not one conclusively presumed to be disabling, the evaluation

18  proceeds to the step four.

19       **Step 4:**  Does the impairment prevent the claimant from performing work

20  she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the

21  claimant is able to perform her previous work, she is not disabled. *Id.* If the

22  claimant cannot perform this work, the ALJ proceeds to the final step five.

23       **Step 5:**  Is the claimant able to perform other work in the national economy

24  in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(f),

25  **416.920(f).**

26       The claimant bears the burden of proof at steps one through four as detailed

27  above. *Molina v. Astrue*, 674 F.3d at 1104, 1111 (9th Cir. 2012). If the analysis

28  proceeds to step five, the burden shifts to the Commissioner to establish that: (1)

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

1   the claimant is capable of performing other work; and (2) such work "exists in

2   significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c);

3   416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

4   **III.    Standard of Review**

5           A district court's review of a final decision of the Commissioner of Social

6   Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

7   limited, and the Commissioner's decision may be disturbed "only if it is not

8   supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698

9   F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence is "more

10  than a mere scintilla but less than a preponderance; it is such relevant evidence as

11  a reasonable mind might accept as adequate to support a conclusion." *Sandgathe*

12  *v. Chater,* 108 F.3d 978, 980 (9th Cir.1997).

13          In reviewing a denial of benefits, a district court may not substitute its

14  judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

15  1992). If the evidence in the record "is susceptible to more than one rational

16  interpretation, [the court] must uphold the ALJ's findings if they are supported by

17  inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111.  Further,

18  a district court "may not reverse an ALJ's decision on account of an error that is

19  harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's]

20  ultimate nondisability determination." *Id.* at 1115. The party appealing the ALJ's

21  decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

22  *Sanders,* 556 U.S. 396, 409-10 (2009).

23  **IV.    Statement of Facts**

24          The facts of the case are set forth in detail in the transcript of proceedings,

25  and only briefly summarized here.

26          At the time of the hearing, Plaintiff was 56 years old. She lives about 13

27  miles outside of Chewelah, Washington, with her husband and two grandsons. Her

28  husband is on disability for COPD. Plaintiff has diabetes and complains of neck

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY
JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT** ~ 4

1 and back pain. She testified she suffers from depression since 2007. Plaintiff is

2 able to drive.

3    She reports that she attended four or more years of college in the 1970s. She

4 has previously worked as a caregiver, a cook/pre-cook, and billing/clerical clerk.

5 At the hearing, she stated she was unable to work due to back and neck pain.

6 **V.    The ALJ's Findings**

7    The ALJ determined Plaintiff was not disabled under sections 216(i) and

8 223(d) of the Act, and denied her application for period of disability and DIB,

9 protectively filed on August 10, 2009. (Tr. 26-31.)

10    At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful

11 activity since 2004 or January 1, 2007, the alleged onset date. (Tr. 28.)

12    At **step two**, the ALJ found Plaintiff's diabetes, hypertension, mild

13 degeneration of the lumbar and cervical spines, and history of right carpal tunnel

14 release surgery were severe impairments according to the Social Security Act's

15 definition. (Tr. 28.)

16    At **step three**, the ALJ found that Plaintiff did not have an impairment or

17 combination of impairments that met or medically equaled one of the listed

18 impairments in 20 C.F.R. § 404. (Tr. 29.)

19    At **step four**, the ALJ found Plaintiff had the residual functional capacity to

20 perform light work as defined in 20 CFR §§ 404.1567(a), 416.967(b). (Tr. 29).

21 The ALJ then found that Plaintiff was able to perform her past relevant work as a

22 clerk (billing/clerical). (Tr. 31).

23 **VI.    Issues for Review**

24    Plaintiff alleges the ALJ erred by:

25    (1) failing to find severe impairment of depression and not seeking a

26 consultative psychological evaluation to assess depression;

27    (2) improperly finding Plaintiff to be less than credible; and

28    (3) failing to have a Vocational Expert (VE) present at the hearing.

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

## VII.   Discussion

### 1.   Step Two Analysis

Plaintiff argues the ALJ erred in conducting the Step Two analysis when he failed to find her depression as a severe impairment.

At step two of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical and mental abilities to do basic work activities. SSR 96-3p. "An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Id.*

Here, there is objective medical evidence demonstrating that Plaintiff suffers from depression that is sufficient to pass the de minimis threshold of step two. *See Smolen*, 80 F.3d at 1290 ("[T]he step-two inquiry is a de minimis screen device to dispose of groundless claims."). As such, it is necessary to remand in order to permit the ALJ to determine the non-exertional limitations caused by the depression.

### 2.   Step Four Analysis

At step four of the sequential disability evaluation process, "claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite findings to support his conclusion." *Id.*

Under SSR 82-62, a determination "that an individual has the capacity to perform a past relevant job . . . must contain among the findings the following specific findings of fact":

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

(1)  A finding of fact as to the individual's RFC;

(2)  A finding of fact as to the physical and mental demands of the past job/occupation;

(3)  A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Further, "for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety . . . in order to determine if the claimant's mental impairment is compatible with the performance of such work." SSR 82-62.

Relevant evidence that must be carefully considered in making this determination includes the following:

(1)  the claimant's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements:

(2)  medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and

(3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, on the requirements of the work as generally performed in the economy.

*Id.*

The ALJ must make "every effort . . . to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.*

Here, the ALJ failed to make the necessary findings regarding the mental and physical demands of Plaintiff's past work as a billing/clerical clerk. The ALJ failed to consult the *Dictionary of Occupational Titles*, or consult help from a vocational expert. Consequently, the ALJ failed to support his step-four analysis with substantial evidence.

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

## VIII.  Conclusion

Because the ALJ erred in conducting the step two and step four analysis, it is necessary to remand to the agency for reevaluation of Plaintiff's claim. On remand, the ALJ should determine Plaintiff's RFC taking into consideration Plaintiff's depression, as well as other non-exertional limitations supported by the record. Additionally, before determining whether Plaintiff has established that she can no longer perform a particular past job, the ALJ must make factual findings as to (1) the mental and physical requirements of the job; and (2) whether Plaintiff can perform the duties, given her physical and mental impairments reflected in her RFC.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** to the agency for further proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 15th day of May, 2014.


*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2012\Sharp (SS)\sj.ord.doc

**ORDER GRANTING PLAINITFF'S MOTION FOR SUMMARY JUDGMENT FOR REMAND; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8